UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

YANEILIS REYES,

                                              Plaintiff,

                      -against-

COMMISSIONER OF SOCIAL SECURITY,

                                            Defendant.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/2024

24-CV-04823 (SN)

**ORDER OF DISMISSAL**

**SARAH NETBURN, United States Magistrate Judge.**

On June 25, 2024, this case was transferred to the Southern District of New York from the Eastern District of New York. It was assigned to the Honorable Jesse M. Furman and then the parties consented to my jurisdiction. The deadline for Plaintiff to file an opening brief was August 20, 2024. When nothing was timely filed, the Court extended the deadline until September 23, 2024. When nothing was timely filed again, the Court ordered the Plaintiff to show cause why the case should not be dismissed for failure to prosecute. The deadline to respond was October 7, 2024. Plaintiff has not filed any documents in this Court.

### LEGAL STANDARD

A plaintiff has a general obligation to prosecute his case diligently. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). A court may dismiss the action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute if the plaintiff fails to meet this obligation. In fact, a plaintiff's "lack of diligence alone is enough for dismissal." West v. City of New York, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted).

A *pro se* plaintiff, however, "should be granted special leniency regarding procedural matters." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

Although Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" when a plaintiff fails to prosecute the case or to comply with a court order, the court need not wait for a defendant to file such a motion. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Moreover, the court is not required to provide notice of the dismissal. "[S]uch dismissal is largely a matter of the judge's discretion." See West, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," the court may even dismiss an action *with* prejudice when a plaintiff fails to prosecute his case. Link, 370 U.S. at 629-31.

In deciding whether to dismiss an action for failure to prosecute, the court must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). Of these factors, no particular one is dispositive. Id. (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

While a district court is not required to address each of these factors in its written decision by a list of "'robotic incantations,'" id. at 217 (quoting United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005)), the court at a minimum must provide a reason for the dismissal.

See Grace v. New York, 10 Civ. 3853 (LTS)(GWG), 2010 WL 3489574, at *2 (Sept. 7, 2010), report and recommendation adopted, 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010).[1]

In its September 30, 2024 order, Plaintiff was provided with notice that this Court would dismiss her claims for failure to prosecute if she did not file a letter by October 7, 2024. Given that the Plaintiff has not responded to the Court's order to show cause, the Court finds that Plaintiff has not demonstrated any interest in pursuing this case. Because the Court has not been able to contact Plaintiff, who is proceeding *pro se*, lesser sanctions would only serve to delay the proceedings further.

## CONCLUSION

The Plaintiff's complaint is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    New York, New York
         October 15, 2024

---

[1] Such an analysis may not be necessary for dismissal that is without prejudice. See Thrall v. Cent. N.Y. Reg'l Transp. Auth., 399 F. App'x 663, 666 (2d Cir. 2010) (noting that dismissal without prejudice under Rule 41(b) is a "lesser sanction" than dismissal with prejudice). This Court will nonetheless analyze the Baptiste factors to ensure that the *pro se* petition is afforded every chance to succeed on the merits.