UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
YANEILIS R.,

                        Plaintiff,        DECISION AND ORDER
                                               1:24-cv-04823-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------------------

      Plaintiff Yaneilis R.[1] commenced this case *pro se* on January 11, 2024, by filing a Complaint seeking judicial review of the Commissioner's denial of her application for Supplemental Security Income ("SSI") benefits (Docket No. 1). Plaintiff's deadline to file a motion for judgment on the pleadings was August 20, 2024, pursuant to the Court's June 27, 2024, Order. Plaintiff failed to file a motion prior to the deadline and the Court, *sua sponte*, extended the deadline to September 23, 2024 (Docket No. 23). Plaintiff failed to file a motion notwithstanding the extended deadline. As a result, the Court issued an Order to Show Cause directing Plaintiff to show

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

cause why this case should not be dismissed for failure to prosecute (Docket No. 24). Even though the Court directed Plaintiff to show cause the Plaintiff failed to respond to the Order to Show Cause and this case was dismissed without prejudice. (Docket No. 25).

Plaintiff then filed a motion to reopen the case (Docket No. 26), which motion was granted by Order dated November 15, 2024 (Docket No. 28). The Order reopening the case directed Plaintiff to file a brief in support of her request for review on or before December 16, 2024. Plaintiff did not file a brief as directed.

The Commissioner then filed a brief in opposition to Plaintiff's request for review on January 15, 2025 (Docket No. 32). Thereafter, the Court was advised that Plaintiff's mailing address listed on the docket may be incorrect. To ensure the address was correct the Court issued an order on May 6, 2025 (Docket No. 37), directing Plaintiff to file a letter confirming and/or correcting her mailing address within one week. Plaintiff did not respond to the Order dated May 6, 2025, regarding her mailing address. Rather than dismissing the case the Court gave Plaintiff another opportunity to respond when the Court entered an order on May 29, 2025 (Docket No. 38), directing Plaintiff to file a letter confirming and/or correcting her mailing address on or before June 9, 2025, and advising her

that failure to do so could result in a decision on the merits without further briefing. Plaintiff failed to file a letter as directed in this Court's Order and otherwise has done nothing to prosecute this case despite the Court affording her multiple opportunities.

Accordingly, upon due consideration, it is hereby

**ORDERED,** that Plaintiff's request for review is DENIED, the Commissioner's denial of benefits is affirmed, and this case is DISMISSED substantially for the reasons set forth in the Commissioner's Brief (Docket No. 32). In particular, the case is dismissed because Plaintiff did not timely request review of the ALJ's denial of benefits, and the Appeals Council did not abuse its discretion in concluding that Plaintiff failed to establish good cause for the late filing.[2] It is further

**ORDERED,** that dismissal is additionally, and alternatively, warranted based on Plaintiff's failure to prosecute this case, respond to Court orders, and maintain an updated mailing address with the Court. *See, e.g., Neal v.*

---

[2] *See Jacqueline E. v. Saul*, No. 17-CV-414, 2020 WL 1234949, at *5 (W.D.N.Y. Mar. 13, 2020) ("As '[i]t [is the claimant's] burden to show good cause,' 'the court can find no abuse of discretion[ ]' where Plaintiff failed to present 'any retrospective ... documentation regarding' her untimely filing….")(quoting *Bowen v. Comm'r of Soc. Sec.*, No. 5:15-CV-00117, 2015 WL 7281610, at *6 (D. Vt. Nov. 16, 2015)); *Binckes v. Comm'r of Soc. Sec.*, No. 20-CV-635 (AMD), 2021 WL 1026568, at *3 (E.D.N.Y. Mar. 16, 2021)("In any event, the plaintiff's claims do not establish good cause because they are not supported by corroborating evidence."); *see also Shari L. v. Saul*, No. 1:19-CV-851 (ATB), 2020 WL 3971510, at *4 (N.D.N.Y. July 14, 2020).

*Comm'r of Soc. Sec.*, No. 18CV01936VECSN, 2019 WL 3402464, at *1 (S.D.N.Y. June 5, 2019), *report and recommendation adopted*, No. 18-CV-1936 (VEC), 2019 WL 2710127 (S.D.N.Y. June 28, 2019); *Reynel v. Barnhart*, No. 01 CIV. 6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002); *Bonnette v. Comm'r of Soc. Sec.*, No. 16-CV-6398 (ENV), 2018 WL 6173434, at *2 (E.D.N.Y. Nov. 26, 2018); *Abbas v. Tate*, No. 20CV3636JGKJLC, 2023 WL 324432, at *1 (S.D.N.Y. Jan. 19, 2023), *report and recommendation adopted*, No. 20-CV-3636 (JGK), 2023 WL 2632229 (S.D.N.Y. Mar. 23, 2023).

  The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: June 13, 2025          *s/ Gary R. Jones*
                 GARY R. JONES
                 United States Magistrate Judge